**Jonathan Henderson, OSB No. 063554**
E-mail: jhenderson@davisrothwell.com
**DAVIS ROTHWELL EARLE & XÓCHIHUA P.C.**
200 S.W. Market Street, Suite 1800
Portland, Oregon 97201
Tel: (503) 222-4422
Fax: (503) 222-4428
**Of Attorneys for Defendant**
**Oregon School Activities Association**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON - PORTLAND DIVISION

| | |
|---|---|
| TIFFANY CASTANEDA and RANDY CASTANEDA, as guardians ad litem for S.C., a minor, ADAM CARPENTER and REBECCA CARPENTER, as guardians ad litem for S.N.C., a minor, and MADELYN EISCHEN,<br><br>Plaintiffs,<br><br>v.<br>OREGON DEPARTMENT OF EDUCATION, OREGON SCHOOL ACTIVITIES ASSOCIATION, GOVERNOR TINA KOTEK, in her official capacity as Superintendent of Public Instruction, FOREST GROVE SCHOOL DISTRICT NO.15, NEWBERG SCHOOL DISTRICT NO. 29J, PORTLAND SCHOOL DISTRICT NO. 1J,<br><br>Defendants. | Case No. 3:25-cv-01170-HZ<br><br>**DEFENDANT OREGON SCHOOL ACTIVITIES ASSOCIATION'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE'S FINDINGS AND RECOMMENDATION** |

## I. INTRODUCTION

Plaintiffs are three cisgender high school athletes who assert Title IX claims against Defendants because they had to compete with transgender high school athletes in high school

track and field events. The Oregon Department of Education and the Governor filed a motion to dismiss the claims based on lack of the required notice under Title IX, and on the grounds that Plaintiffs have failed to adequately allege claims under Title IX and would not be able to do so through amendment. The Oregon School Activities Association (OSAA) joined in the State Defendants' motion, and added additional grounds for dismissal of OSAA, such as the argument that the OSAA is not subject to Title IX because it is not a recipient of federal funding and does not act under color of state law.

The magistrate judge took three months from oral argument on the motions to dismiss to carefully consider the arguments, and then she issued findings and recommendations totaling 110 pages that demonstrated that she carefully considered the arguments. The magistrate recommended dismissing Plaintiffs' claims under FRCP 12(b)(6) on the grounds that Defendants lacked the clear notice required under *Pennhurst State School and Hospital v. Halderman*, 451 U.S. 1, 17, 101 S.Ct. 1531, 67 L.Ed.2d 694 (1981), and it declined to reach the remainder of the arguments or grounds for dismissal.

Plaintiffs have objected to the findings and recommendation, but mostly just repeat arguments they made on the motions to dismiss before the magistrate, such as the argument that the *Pennhurst* notice requirement does not apply here because Defendants' policies show intentional conduct. Those issues were briefed and argued, and thoroughly reviewed and considered by the magistrate, as is evidenced in the F&R.

This Court should affirm and adopt the magistrate's recommendation in full. To the extent it is not inclined to do so, it should reach OSAA's alternative grounds for dismissal and adopt the magistrate's recommendation on those grounds.

## II. STANDARDS

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. §



DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422 F (503) 222-4428

636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

The Act does not prescribe any standard of review for those portions of a magistrate judge's findings and recommendations to which neither party has objected. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[ ] *sua sponte* ... under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154.

"Objections to a magistrate judge's F&R 'are not a vehicle to relitigate the same arguments carefully considered and rejected by the Magistrate Judge.'" *Wilhite v. Expensify, Inc.*, No. 3:23-cv-01784-JR, 2025 WL 892774, at *1 (D. Or. Mar. 24, 2025) (quoting *Chith v. Haynes*, No. C18-5342 BHS, 2021 WL 4744596, at *1 (W.D. Wash. Oct. 12, 2021)).

## III. JOINDER IN STATE DEFENDANTS' RESPONSE TO OBJECTIONS

As the magistrate noted, OSAA joined in the State Defendants' motions. Findings and Recommendation, page 36. The magistrate granted the motions to dismiss on the grounds raised and principally briefed and argued by the State Defendants. OSAA therefore joins, adopts and incorporates by reference the State Defendants' response to Plaintiff's objections to the finding and recommendation.

////

////

////



DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422 F (503) 222-4428

## IV. PLAINTIFFS' PRIMARY OBJECTION IS UNSUPPORTED

Plaintiffs' primary objection appears to be that the magistrate was required to decide whether Plaintiffs have stated a claim before it could reach the *Pennhurst* notice issue.[1] There is no support for this. Plaintiffs rely heavily on *Soule v. Connecticut Ass'n of Sch., Inc.*, 90 F.4th 34 (2d Cir. 2023), a non-binding decision from the Second Circuit. But even there the Court said: "The Supreme Court cases applying *Pennhurst* to Title IX either begin with a merits analysis of whether the challenged conduct was prohibited or weave that analysis into considerations of notice. We leave open the possibility that there may be circumstances in which it would be appropriate to decide the question of notice as a threshold freestanding issue." 90 F.4th at 53. In other words, this non-binding decision does not hold that the district court is prohibited from addressing *Pennhurst* notice as a threshold issue.

The dissent in *Soule* correctly pointed out that neither the Supreme Court nor any of its sister circuits have ever held that a district court is required to decide the merits before addressing the *Pennhurst* notice issue. *Id.* at 89 (citing Supreme Court cases in which the court first addressed the notice issue, as well as citing decisions from 3rd, 4th, 6th and 7th circuits doing the same).

Even the *en banc* portion of the decision in *Soule* did not hold that a district court was required to address the merits of a Title IX claim before reaching the *Pennhurst* notice issue. 90 F.4th at 53. Instead, the Court held that the district court had erred when it concluded that the notice issue was *jurisdictional*, and that it was therefore *required* to reach that issue first, and that it lacked discretion to do otherwise. *Soule v. Connecticut Ass'n of Sch., Inc.*, 90 F.4th 34, 52–53 (2d Cir. 2023) ("We need not and do not reach these questions because we vacate the district court's judgment on another basis: its apparent—and erroneous—determination that it lacked

---

[1] Plaintiffs want a ruling from this Court regarding their argument that sex is binary and that it is assigned at birth based on a person's genitalia.



DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422 F (503) 222-4428

discretion to reach the merits of Plaintiffs' claims without first determining if monetary damages would be available under *Pennhurst*."). The magistrate here did not reach this issue as a jurisdictional issue or rule that it lacked discretion to delay analysis of the notice issue. It exercised its discretion to analyze the issue now, as a threshold issue, because it is controlling here. That was not an error.

## V. IF THE COURT IS NOT INCLINED TO ADOPT THE MAGISTRATE'S RECOMMENDATION TO DISMISS REGARDING THE *PENNHURST* NOTICE REQUIREMENT, IT SHOULD NEVERTHELESS ADOPT THE RECOMMENDATION AND DISMISS OSAA ON THE ALTERNATIVE GROUNDS OSAA ASSERTS

This Court should adopt the magistrate's F&R in whole. If it is not inclined to do so, it should nevertheless adopt the recommendation and dismiss OSAA on the alternative grounds that OSAA asserted to the magistrate. This Court can affirm or adopt the magistrate's recommendation on alternative grounds. Under 28 U.S.C. § 636(b)(1), a judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge, and the judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Similarly, Federal Rule of Civil Procedure 72 provides that the district judge may accept, reject, or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions. None of these provisions limit the district court to adopting a magistrate's recommendation only on the same grounds the magistrate relied upon.

The district court's broad authority to accept, reject, or modify a magistrate's recommended decision necessarily encompasses the power to affirm the same outcome on different or alternative legal grounds. Because the district court conducts its own *de novo* review of objected-to portions of the report, it is not bound by the magistrate's reasoning — only by the requirement that it independently evaluate the matter. *Hiebenthal v. Meduri Farms*, 242 F. Supp. 2d 885, 886 (D. Or. 2002) (adopting magistrate's findings and recommendations on alternative



DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422 F (503) 222-4428

grounds); *Crudo v. Ramon*, 106 F.3d 407 (9th Cir. 1997) (affirming district court's adoption of magistrate's findings and recommendation on alternative grounds).

Similarly, the Ninth Circuit can affirm this Court on any basis supported by the record, regardless of whether the district court reached the issue. *Atel Fin. Corp. v. Quaker Coal Co.*, 321 F.3d 924, 926 (9th Cir. 2003).

In its motion to dismiss, OSAA advanced the argument that it is not liable under Title IX because it is not a recipient of federal funding. It received no direct federal funding, and its receipt of dues from members who receive federal funding does not satisfy the test. *NCAA v. Smith*, 525 U.S. 459, 119 S. Ct. 924, 142 L. Ed. 2d 929 (1999). Indirectly benefitting from federal funding is not sufficient to establish the federal funding requirement for a Title IX claim.

Immediately after Smith was decided, the Oregon District Court followed it when it held that the OSAA did not receive federal funding from payment of member school dues. *Bingham v. Oregon Sch. Activities Ass'n*, 37 F. Supp. 2d 1189, 1204 (D. Or. 1999), *vacated in part sub nom. on other grounds Bingham v. Ediger*, 20 Fed. Appx. 720 (9th Cir. 2001). There, the plaintiff was presumably unable to show that the member schools received federal funding earmarked for OSAA membership due payments, so the plaintiff argued that while the OSAA does not receive federal funds directly, "the member schools receive federal funds, and those federal funds free up other money that the schools then use to pay their membership fees to the OSAA, and as such, the OSAA receives federal funds." 37 F. Supp. 2d at 1204. The Court rejected that argument, relying on Smith:

> The law is otherwise. In *NCAA v. Smith*, 525 U.S. 459, 119 S.Ct. 924, 142 L.Ed.2d 929 (1999), the Court established that payments of dues from recipients of federal funds do not suffice to render the dues recipient subject the Rehabilitation Act. Therefore, the OSAA is not a recipient of federal funds within the meaning of the Rehabilitation Act.

*Id*. at 1204.



DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422 F (503) 222-4428

While *Bingham* involved the Rehabilitation Act and not Title IX, the Court there noted that the analysis is the same, citing *Department of Transportation v. Paralyzed Veterans of America*, 477 U.S. 597, 106 S.Ct. 2705, 91 L.Ed.2d 494 (1986) (equating Title IX eligibility with the Rehabilitation Act).

Plaintiffs here have not and cannot allege that the member schools received federal funds earmarked for payment of OSAA membership dues, so the claim fails for the reasons explained in Smith. To the extent that Plaintiffs argue that money is fungible such that just the receipt of money from a member school that itself receives federal funding is sufficient to impose Title IX liability on the OSAA, Plaintiffs are wrong. If that were the rule, the *Smith* Court would have reached a different holding.

Plaintiffs asserted other arguments in support of their position that the requirement that OSAA receive federal funding in order to be liable under Title IX should not apply here. All of those arguments lack merit for the reasons that OSAA set out in its briefing to the magistrate. OSAA hereby incorporates by reference, as if fully set forth herein, the arguments that it made in its briefing on the motion to dismiss. The district court did not reach those arguments because it did not need to, and OSAA does not want to simply restate all those arguments here for the Court.

## VI. THE SUPREME COURT DECISION IN *W. VIRGINIA V. B. P. J.* SHOULD NOT AFFECT THE MAGISTRATE'S RECOMMENDATION, NOR SHOUOLD IT AFFECT THIS COURT'S ADOPTION OF THAT RECOMMENDATION

The day before OSAA filed this response to Plaintiffs' objection, the Supreme Court released its opinion in *W. Virginia v. B. P. J.*, 24–38, 2026 WL 1868739 (U.S. June 30, 2026). OSAA anticipates that Plaintiffs will rely on dicta from that opinion in their reply in support of their objections. First, the Court made clear immediately that it was not deciding the issue presented in this case:

////



DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.
200 SW Market St, Suite 1800
Portland, Oregon 97201
T (503) 222-4422 F (503) 222-4428

> As the plaintiffs, the States, and the United States as *amicus curiae* all agree, these cases do not present the distinct question of whether, under Title IX and the Equal Protection Clause, schools may *allow* biological males who identify as female to participate on girls' and women's sports teams. That question is currently the subject of litigation in some lower courts. Nothing in this opinion is intended to decide that question. In addition, nothing in this opinion should be interpreted to address or limit participation by biological females on male or co-ed sports teams.

*W. Virginia v. B. P. J.*, 24–38, 2026 WL 1868739, at *4, n. 1 (U.S. June 30, 2026) (emphasis in original).

Second, the narrow issue decided in the case was whether Title IX or the Equal Protection Clause prohibits state legislatures from making classifications based on biological sex, or whether the state laws needed to provide exceptions in individual cases for biological males who identify as female and who have taken puberty blockers, and so, ostensibly do not have the competitive advantage that most biological males have over biological females. That is not the issue presented in this case.

Third, the case supports these Defendants with regard to the notice requirement. In his concurrence, Justice Gorsuch writes:

> But much as with any contract, a funding recipient must "'voluntarily and knowingly'" assent to those conditions for them to bear any legal force. *Id.*, at 373 (quoting *Pennhurst State School and Hospital v. Halderman*, 451 U. S. 1, 17 (1981)). And for a funding recipient to provide that kind of assent, Congress must "clearly and unambiguously" specify the conditions it expects the funding recipient to follow. *Medina*, 606 U. S., at 373, n. 4; *see also Pennhurst,* 451 U. S., at 17, 25.
>
> Nothing in Title IX clearly and unambiguously alerts funding recipients that they are prohibited from restricting a school-sponsored sports team to biological women or girls.

*W. Virginia v. B. P. J.*, 24–38, 2026 WL 1868739, at *18 (U.S. June 30, 2026) (Justice Gorsuch, concurring).

////



**DAVIS ROTHWELL**
**EARLE & XÓCHIHUA P.C.**
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
**T (503) 222-4422 F (503) 222-4428**

So too here. There is nothing in Title IX that clearly and unambiguously alerts funding recipients that they are prohibited from allowing students who identify as female from participating in girls' sports. As the decision makes clear, the legislature that drafted Title IX was simply not thinking about trans folks or kids at all.

Despite its opinion upholding state statutory bans on trans girls from participating in girls' scholastic sports, the Supreme Court ended its opinion with this parting thought that is worth quoting in full here:

> Most of the biological female and transgender student-athletes who are involved in transgender sports disputes around the country are teenagers or in their early twenties. Those student-athletes want to play sports. Their desire to compete warrants respect. No student-athlete on either side of the issue, whether a biological female or transgender, deserves to be ostracized or vilified.

*W. Virginia v. B. P. J. by Jackson*, 24–38, 2026 WL 1868739, at *17 (U.S. June 30, 2026).

**CONCLUSION**

This Court should adopt the magistrate's F&R in whole. The magistrate took her time and thoroughly evaluated the issues presented, and then provided a detailed analysis, including a discussion of the cases and arguments that Plaintiffs presented in their motion briefing and which they present in their objections. To the extent that the Court is not inclined to agree with the

////

////

////

////

////

////

////

////



**DAVIS ROTHWELL**
**EARLE & XÓCHIHUA P.C.**
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
**T (503) 222-4422 F (503) 222-4428**

magistrate on the *Pennhurst* notice issue, which it should, it should nevertheless adopt the recommendation and dismiss OSAA on the alternative grounds that OSAA asserted in its motion to dismiss.

DATED this 1st day of July, 2026.

**DAVIS ROTHWELL**
**EARLE & XÓCHIHUA P.C.**

*s/Jonathan Henderson*
Jonathan Henderson, OSB No. 063554
jhenderson@davisrothwell.com

**MCEWEN GISVOLD LLP**

*s/ Jonathan Radmacher*
Jonathan M Radmacher, OSB No. 924314
jonathanr@mcewengisvold.com

Of Attorneys for Defendant Oregon School Activities Association



**DAVIS ROTHWELL**
**EARLE & XÓCHIHUA P.C.**
200 SW Market St, Suite 1800
Portland, Oregon 97201
**T (503) 222-4422 F (503) 222-4428**